IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | LEAD CASE NO. 12-10094 (MCF) |
| IVETTE MELENDEZ QUINONES | CHAPTER 13 |
| Debtor | |
| IVETTE MELENDEZ QUINONES | ADV. PROC. NO. 15-00255 (MCF) |
| Plaintiff | |
| vs. | |
| CITIMORTGAGE, INC. | |
| Defendant | |
| JOSE R. CARRION | |
| Chapter 13 Trustee | |

## OPINION AND ORDER

The issue before the court is whether plaintiff's ex-husband co-signatory to a loan agreement and mortgage deed is a required party under Rule 19 of the Federal Rules of Civil Procedure.[1] Defendant CitiMortgage, Inc. filed a motion to dismiss the adversary complaint for failure to join a required party, pursuant to Fed. R. Civ. P. 12(b)(7)[2] or in the alternative to request that joinder be ordered (Docket No. 15). Plaintiff Ivette Melendez Quinones filed an opposition motion (Docket No. 16) and CitiMortgage filed a reply motion (Docket No. 17). For the reasons stated below, the court denies the motion to dismiss without prejudice and orders that within twenty-eight (28) days plaintiff join her ex-husband, Joel Fernandez Quinones Pabon, to the complaint as a required party.

Plaintiff filed an adversary complaint against CitiMortgage to obtain a declaratory judgment that states: 1) CitiMortgage is an unsecured creditor, 2) CitiMortgage has

---

[1] Rule 19 of the Federal Rules of Civil Procedure is made applicable by Rule 7019 of the Federal Rules of Bankruptcy Procedure with a few exceptions that are not pertinent in this case.

[2] Rule 12(b)(7) of the Federal Rules of Civil Procedure is made applicable by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure.

-1-

no interest on plaintiff's property or estate property, and 3) CitiMortgage's recorded mortgage lien is null.

The allegations of the complaint aver that prior to the filing of the petition plaintiff and Joel F. Quinones Pabon (now ex-husband) purchased the Rio Grande property and their title was registered in the property registry. Two years after the purchase, they entered into a loan transaction with First Equity Mortgage Bankers, Inc. that was guaranteed by a mortgage over their real property. Together with the loan, both parties executed a mortgage deed. Sometime after, defendant CitiMortgage acquired the rights to the mortgage. The mortgage deed was presented by fax to the property registry for recordation. A few years later, they filed a joint voluntary petition under chapter 7 and obtained a discharge. Another bankruptcy case was filed by plaintiff under chapter 13 but was later dismissed. In 2010, the property registry notified the notary that the mortgage deed could not be recorded over the property and that the defect had to be corrected by November 2, 2010. Such correction was not made, resulting in the inability to record the mortgage deed in the property registry. Plaintiff avers that she is the sole owner of the property by virtue of a divorce decree and/or divorce agreement.

Plaintiff filed a third bankruptcy case wherein she scheduled CitiMortgage as an unsecured creditor. After the chapter 13 plan was confirmed and plaintiff's objection to CitiMortgage's secured proof of claim was granted, CitiMortgage produced a property certification reflecting that the mortgage deed was recorded in the property registry after a hearing in the legal case was held on June 8, 2015.

CitiMortgage argues in its Rule 12(b)(7) motion that the adversary complaint does not include plaintiff's ex-husband, Joel Fernando Quinones Pabón, who is needed in the litigation because he signed, along with plaintiff, a deed of first mortgage over a real property located in Rio Grande and that he is a co-borrower. Any determination in the case will have a direct impact on the ex-husband, as CitiMortgage's co-borrower.

Plaintiff responds that she is the sole owner of the subject property by virtue of a divorce decree and/or divorce agreement and both plaintiff and her ex-husband received a chapter 7 discharge resulting in their discharge of their obligations to CitiMortgage.

CitiMortgage replies that no documentary evidence was submitted to substantiate that the ex-husband was divested of any interest in the property.

A Rule 12(b)(7) motion to dismiss serves to challenge the plaintiff's failure to join a required party under Rule 19.  The purpose of Rule 19 is to protect the legitimate interests of an absent party and to dissuade repetitive litigation.  Askew v. Sheriff of Cook Cty., 568 F.3d 632, 634 (7th Cir. 2009).  Rule 19(a) sets for the test to ascertain when a person is required, to wit:

> (1) A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>     (i)    as a practical matter impair or impede the person's ability to protect the interest; or
>     (ii)   leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1).

The court's determination is flexible under Rule 19.  Picciotto v. Continental Cas. Co., 512 F.3d 9, 14-15 (1st Cir. 2008).  A court may go outside the pleadings and look to extrinsic evidence such as affidavits or documents in ruling on Rule 12(b)(7) motion.  Davis Cos. v. Emerald Casino, Inc., 268 F.3d 477, 480 n.4 (7th Cir. 2001).

In applying the test set forth in Rule 19, the court holds that the ex-husband is a required party to the litigation because he is the registered co-owner of the mortgaged property and is a co-borrower of the loan obligation as expressed in the complaint.  Plaintiff alleges in the complaint that both parties initially owned the property and are registered title owners.

Being a registered title owner of the property, the ex-husband has a legal interest in the property. Although plaintiff claims that she later became sole owner of the property through divorce proceedings, which is accepted as true under a dismissal standard, plaintiff does not allege in the complaint that her sole ownership was presented and/or recorded in the property registry making her the sole registered property owner. Generally, when a property ownership is registered in the property registry, both parties must be included in the litigation involving that property. Metropolitan Marble Corp. v. Pichardo, 145 D.P.R. 607 (1998)(A judicial proceeding for the execution of judgment and public sale of a jointly owned real property is void when one of the co-owners is absent from the litigation.). See also Rodriguez Rodriguez v. Moreno Rodriguez, 135 D.P.R. 623, 627 (1994)(an indispensable party is one that could have his rights or interests affected at the moment that judgment is issued). Plaintiff is attempting to remove a mortgage lien that has been recorded over the Rio Grande property where plaintiff and her ex-husband appear as co-owners.

Even if plaintiff registered her sole legal title to the property, her ex-husband did sign the loan document and the mortgage deed as stated in the complaint. He continues to be a borrower of the mortgagee and therefore has a legal interest in the litigation. See Teachers Annuity v. Sociedad de Gananciales, 115 D.PR. 277, 15 P.R. Offic. Trans. 372 (1984)(In order to change a borrower, the consent of the creditor is required). Plaintiff argues that her and ex-husband's obligations have been discharged in the chapter 7 case and that the property registry should never have recorded the mortgage lien when the period to cure the defect had expired. If plaintiff is able to prove her case, the ex-husband would be benefitted from the removal of the mortgage lien over a property that he appears as one of the registered owners. He should, nevertheless, have a right to be heard in the action to ensure that plaintiff is successful in obtaining a favorable judgment that in turn would benefit him. He should be afforded the opportunity to protect his interest, if any and avoid any risk that could impact him.

Although the court agrees with CitiMortgage that the ex-husband is a required party, the court does not agree that the appropriate action is to dismiss the adversary case.

-4-

Plaintiff is therefore ordered, within twenty-eight (28) days, to join the ex-husband, Joel Fernando Quinones Pabon.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 30th day of December, 2015.

Mildred Caban

Mildred Caban Flores
U.S. Bankruptcy Judge